UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUSTIN ROMANOWICH,

       Plaintiff,

       v.

ASHFORD COLUMBUS
EASTON LP, *et al.*,

       Defendants.

Case No. 2:19-cv-1110
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

### OPINION AND ORDER

This matter is before the Court on the *Motion to Dismiss* (ECF No. 8) filed by Defendants Ashford Columbus Easton LP, Ashford Columbus Easton GP LLC, and Hilton Worldwide Holdings, Inc. (collectively "Defendants"). Plaintiff Justin Romanowich ("Romanowich") filed a *Response* (ECF No. 16), and Defendants filed a *Reply* (ECF No. 17). For the reasons set forth below, the Court **GRANTS** Defendants' *Motion to Dismiss*. (ECF No. 8.)

I.

#### A. Factual Background

On August 23, 2018, Romanowich checked in for an 11-day stay at the front desk of the Hampton Inn & Suites, located at 4150 Stelzer Road in Columbus, Ohio. (Pl.'s Compl. at ¶ 7 [ECF No. 5].) While checking in, Romanowich spoke to both managers on duty and arranged for his own baptism in the hotel pool, which they scheduled for September 1, 2018 at 7:00 p.m. (*Id.* at ¶ 8.) According to Romanowich, as employees and staff of the hotel learned about his ceremony they shared genuine excitement. (*Id.* at ¶ 10.) In Romanowich's view, "[e]verything was going swimmingly" and Defendants provided "[g]reat to OUTSTANDING service" to him. (*Id.*, Ex. A.)

On September 1, 2018, the morning of Romanowich's scheduled baptism, the hotel's General Manager informed Romanowich that the ceremony was cancelled because it violated Defendants' Company Policy. (*Id.* at ¶ 13.) Romanowich alleges Defendants discriminated against him due to his religion, in violation of Ohio law. He asserts that Defendants regularly allow weddings and other religious ceremonies on their properties. (*Id.* at ¶ 18.) Romanowich alleges that the General Manager cancelled the baptism in a "most unpleasant and absurd solitary conversation," which occurred "within feet of the front desk" and "in full view and earshot" of employees and guests. (*Id.* at ¶ 15, Ex. A.)

**B. Procedural Background**

On February 20, 2019, Romanowich filed suit against Defendants in the Franklin County Court of Common Pleas. Defendants removed the case to this Court on March 25, 2019. (*See* ECF No. 1.) Romanowich alleges Defendants unlawfully discriminated against him in violation of Ohio Revised Code Section 4112(G). On April 22, 2019, Defendants moved this Court to dismiss for failing to state a claim. The matter is ripe for review.

II.

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Therefore, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Generally, a complaint must

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff need not allege detailed facts but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### III.

Ohio Revised Code Section 4112.02(G) governs religious discrimination and states, in relevant part:

> It shall be an unlawful discriminatory practice ... [f]or any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of ... religion ..., the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

Ohio Rev. Code § 4112.02(G).

To determine a violation of this provision, "the test is simply whether the proprietor, keeper, manager or employee of a place of public accommodation has denied to any person the full enjoyment of such place for reasons not applicable alike to all persons, irrespective of race, color, religion, national origin, or ancestry." *Ohio Civil Rights Commission v. Lysyj*, 38 Ohio St. 2d 217, 221, 313 N.E.2d 3 (1974). "Place of public accommodation" includes "any inn." Ohio Rev. Code 4112.01(A)(9). "Full enjoyment" means "the right to be admitted to any place of public accommodation, and the right to have access to the services and products of such a place in the same manner as all other customers." *Fall v. LA Fitness*, 161 F. Supp. 3d 601, 609 (S.D. Ohio 2016) (quoting *Meyers v. Hot Bagels Factory, Inc.*, 131 Ohio App. 3d 82, 721 N.E.2d 1068, 1083

(1999)). "The purpose of the statute is to eradicate illegal discrimination in places of public accommodation so that full enjoyment is available to all. The thrust of the statute, by its terms, is the comparability of treatment. Any denial of enjoyment of services must be applicable to all persons." *Meyers*, 721 N.E.2d at 1082.

So, to state a claim under Section 4112.02(G), Romanowich must allege that Defendants denied him exclusive access to the hotel's pool and that Defendants either allowed other guests of different faiths to conduct religious ceremonies in the swimming pool or allowed other guests exclusive access to the pool for non-religious ceremonies. Romanowich has failed to do so.

While Romanowich claims Defendants cancelled the baptism that he planned to perform in the hotel pool, he never alleges that Defendants treated him differently than other guests. Instead, he alleges that "upon information and belief, Defendants ... regularly allow weddings and other religious ceremonies on their properties ...." Pl.'s Compl. at ¶ 18. This allegation is insufficient because it is too broad since Romanowich claims Defendants denied him exclusive access to the pool. Therefore, his discrimination claim is limited to that service. *See Fall*, 161 F. Supp. 3d at 610 (noting that the services that the defendant denied the plaintiff are narrowly construed, such as "the corner location of the men's locker room.").

In conclusion, Romanowich has not alleged facts that plausibly establish Defendants violated Section 4112.02(G). To the contrary, Romanowich was permitted to use the hotel's facilities, including the pool. In fact, Romanowich admits that he swam almost every night of his stay. Pl.'s Compl., Ex. A. Further, according to Romanowich, Defendants only denied him exclusive access to the pool for his baptism. He does not allege that Defendants allowed other guests to exclusively access the hotel pool for their own events. Therefore, Romanowich has failed to state a claim under Section 4112.02(G).

4

**IV.**

In conclusion, the Court **GRANTS** Defendants' *Motion to Dismiss*. (ECF No. **8**.) Accordingly, Romanowich's *Complaint* (ECF No. 5) is **DISMISSED without PREJUDICE**.

**IT IS SO ORDERED.**

7-10-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**